**Robert GONZALES, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Warden, Respondent—Appellee.**

No. 01–56450.

D.C. No. CV–00–00765–RT.

United States Court of Appeals, Ninth Circuit.

Argued July 16, 2003.

Submitted Dec. 19, 2003.

Decided Dec. 23, 2003.

Eric O. Bravin, Harris, Wiltshire & Grannis LLP, Washington, DC, for Petitioner–Appellant.

Anthony Da Silva, Deputy Atty. Gen., David Delgado–Rucci, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

---

## MEMORANDUM *

Robert Gonzales appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Gonzales contends that his 35–year–to-life sentence imposed pursuant to California's three strikes law constitutes cruel and unusual punishment in violation of the Eighth Amendment because he committed a non-violent burglary and had no criminal history of violence. Both the California Supreme Court and the Court of Appeal issued postcard denials of Gonzales's habeas petition. Accordingly, " 'we "look through" the unexplained ... decision[s] to the last reasoned decision ... as the basis for the state court's judgment.' " *Gill v. Ayers,* 342 F.3d 911, 917 n. 5 (9th Cir.2003) (quoting *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir.2000)). The last reasoned decision in this case is the Riverside County Superior Court's denial of Gonzales's habeas petition on procedural grounds. Because no California court has addressed the merits of Gonzales's constitutional claim, the Antiterrorism and Effective Death Penalty Act's ("AEDPA") deferential standard does not apply and our review is *de novo. See Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir.2003) (stating that "AEDPA's deferential standard ... does not apply [where] the state court d[oes] not reach the merits of [the petitioner]'s due process claim").

Gonzales is not entitled to habeas relief, as the Supreme Court has recently rejected his argument. *See Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (stating that a "sentence of 25 years to life in prison, imposed for the offense of felony grand theft under [California's] three strikes law, is not grossly disproportionate and therefore does not violate the Eighth Amendment's prohibition on cruel and unusual punishments"); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (noting that "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case" and upholding two consecutive 25–year–to-life sentences for a "third strike" of petty theft under AEDPA). Moreover, Gonzales's contention that non-violent residential burglaries somehow deserve lighter sentences ignores the substantial risk of violence that necessarily attends such crimes. *United States v. M.C.E.,* 232 F.3d 1252, 1257 (9th Cir.2000) (stating that residential burglary " 'by its very nature' " involves a substantial risk of violence).

Because the use of a first-degree residential burglary conviction to enhance a sentence under California's "three strikes" law does not run afoul the Eighth Amendment, *see Ewing,* 538 U.S. at 30, 123 S.Ct. at 1190, the district court properly denied Gonzales's petition.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.